UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

BENNETT HIRSCHHORN, )
)
    Plaintiff, )
)
v. ) Case No. 3:14-cv-525
)
INTEGRITY SOLUTION SERVICES, INC., )
)
    Defendant. )

## **PLAINTIFF'S COMPLAINT**

Plaintiff, BENNETT HIRSCHHORN ("Plaintiff"), through his attorneys, HORMOZDI LAW FIRM, LLC, alleges the following against Defendant, INTEGRITY SOLUTION SERVICES, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692, et seq.

2. Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. 227, et seq. ("TCPA").

3. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

1

4. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, Mims, 132 S. Ct. at 744.

6. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act …is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k (FDCPA).

8. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

9. This Court has jurisdiction over Plaintiff's TCPA claim pursuant to *Mims v. Arrow Financial Svcs. LLC*, 132 S. Ct. 740, 2012 WL 125249 (Jan. 18, 2012).

10. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

11. Plaintiff is a natural person residing in Knoxville, Knox County, Tennessee.

12. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

13. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

14. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

15. Defendant attempted to collect a consumer debt from Plaintiff.

16. Defendant is a collection agency located in St. Charles, St. Charles County, Missouri.

17. Defendant is a business entity engaged in the collection of debt within the State of Tennessee.

18. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

19. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

20. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

21. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

22. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

23. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

24. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

25. The alleged debt arises from transactions for personal, family, and household purposes.

26. In or around March 2014, Defendant began placing collection calls to Plaintiff on Plaintiff's cellular telephone at 865-773-7337.

27. Defendant calls Plaintiff from 216-278-0153 and 740-217-1130, which are Defendant's numbers.

28. Defendant calls at an annoying and harassing rate, calling Plaintiff up to three (3) to four (4) times a day.

29. On April 24, 2014, Plaintiff spoke with one of Defendant's collectors, Charles Sweeney ("Sweeney").

30. Plaintiff experienced a few second delay on the telephone before speaking to Sweeney.

31. During the aforementioned conversation, Sweeney did not tell Plaintiff that he was

4

attempting to collect a debt. Plaintiff requested that Defendant stop calling him.

32. Despite Plaintiff's request that Defendant stop calling his cell phone, Defendant continued to call Plaintiff in an attempt to collect the alleged debt.

33. On April 26, 2014, Plaintiff spoke with one of Defendant's collectors.

34. During the aforementioned conversation, Defendant did not state that the call was from INTEGRITY SOLUTION SERVICES.

35. During the aforementioned conversation, Defendant did not state that the collector was attempting to collect a debt.

36. During the aforementioned conversation, Defendant's collector transferred Plaintiff to Sweeney.

37. During the aforementioned conversation with Sweeney, Sweeney did not tell Plaintiff that he was attempting to collect a debt. Plaintiff requested to speak to Sweeney's supervisor, and Plaintiff was connected to Mike Campbell ("Campbell").

38. During the aforementioned conversation with Campbell, Plaintiff requested that his number be removed from Defendant's system, and requested that Defendant stop calling him.

39. Defendant's collectors that spoke to Plaintiff are familiar with the FDCPA.

40. Defendant's collectors know the FDCPA requires debt collectors to identify the company's name when placing a telephone call.

41. Defendant's collectors that spoke to Plaintiff know the FDCPA requires debt collectors to state that the communication is an attempt to collect a debt when speaking to consumers.

42. Defendant called Plaintiff using an autodialer system.

43. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. §

227(a)(1), to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

44. Defendant's phone system has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

45. Plaintiff never provided Plaintiff's cellular telephone number to Defendant and never provided Plaintiff's consent to Defendant to be contacted on Plaintiff's cellular telephone.

46. If Defendant at one time had consent to place calls to Plaintiff's cellular telephone number, it no longer has consent to call Plaintiff after being instructed by Plaintiff to cease all calls to him.

47. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

48. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

49. Plaintiff is not a customer of Defendant's services, and has never provided any personal information, including Plaintiff's cellular telephone number, to Defendant for any purpose whatsoever.

50. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on Plaintiff's cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

51. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owes.

6

Case 3:14-cv-00525-PLR-HBG   Document 1   Filed 11/07/14   Page 6 of 9   PageID #: 6

52. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

53. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

54. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant called Plaintiff three (3) to four (4) times a day;

   b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff when Defendant continuously called Plaintiff after he told Defendant to stop calling him;

   c. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant failed to identified itself as INTEGRITY SOLUTION SERVICES when speaking to Plaintiff; and

   d. Defendant violated §1692e(11) of the FDCPA when Defendant spoke to Plaintiff and failed to inform Plaintiff that the communication was an attempt to collect debt.

WHEREFORE, Plaintiff, BENNETT HIRSCHHORN, respectfully requests judgment be entered against Defendant, INTEGRITY SOLUTION SERVICES, INC., for the following:

7

55. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

56. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

57. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

58. Plaintiff repeats and re-alleges paragraphs 1-53 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

59. Defendant's conduct violated the TCPA by:

   a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii) when Defendant called Plaintiff using an autodialer system.

60. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

61. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

62. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, BENNETT HIRSCHHORN, respectfully requests judgment be entered against Defendant, INTEGRITY SOLUTION SERVICES, for the following:

63. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

64. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

65. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

66. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

November 7, 2014      By: /s/ Shireen Hormozdi
Shireen Hormozdi
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
E-mail: shireen@norcrosslawfirm.com
Attorney for Plaintiff